UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00259-RJC

| | | |
|---|---|---|
| APEQ MANAGEMENT HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BANK OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court <u>sua sponte</u>. Appellant APEQ Management Holdings, LLC filed a Notice of Appeal on May 15, 2017. (Doc. No. 1). Appellant objects to both the Bankruptcy Court's Orders: (1) granting the Motion for Relief from Stay in favor of Bank of North Carolina; and (2) disqualifying counsel from representing the Debtor. (Doc. Nos. 1, 3). However, Appellant is responsible for paying the required $298 filing fee due pursuant to 28 U.S.C. § 1930, which was due at the time of filing. FED. R. BANKR. P. 8003(a)(3)(C). Despite a Court Order for Appellant to show cause as to why no filing fee was paid, the record shows no response. (Doc. No. 4).

I.     **DISCUSSION**

Federal Rule of Bankruptcy Procedure 8003(a) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers

appropriate, including dismissing the appeal." Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take *at least one* of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; *or* 4) indicate that it considered the impact of the sanction and available alternatives." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, as the Fourth Circuit demonstrated in Serra Builders, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the entire appeal. See id. (upholding the district court's dismissal of the appeal because appellant negligently filed the designation of record fifteen days late).

In the present case, the Court gave Appellant notice and an opportunity to explain the delay in paying a filing fee. On February 27, 2018, the Court ordered Appellant to show cause as to why this appeal should not be dismissed for failure to pay the filing fee. (Doc. No. 7). The Court required a response by March 13, 2018. (Id.). That date has since passed and no response has been submitted to the Court.

## II.  CONCLUSION

Because the Court afforded Appellant ample time to explain why no filing fee was submitted to the Court and because Appellant chose to proffer no explanation, **IT IS, THEREFORE, ORDERED** that:

1. Appellant's appeal from Bankruptcy Case number 17-30374 shall be **DISMISSED**; and

2. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: March 29, 2018

Robert J. Conrad, Jr.
United States District Judge